

**FILED & ENTERED**

**JUL 18 2018**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY gooch    DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# RIVERSIDE DIVISION

| In re:<br><br>CESAR JESUS DE LA PAZ CRUZ, JR.,<br><br><br><br>Debtor(s). | CASE NO.: 6:18-bk-14684-WJ<br><br>CHAPTER: 13<br><br>**ORDER CONFIRMING CHAPTER 13 PLAN**<br><br>CONFIRMATION HEARING:<br>DATE:           July 18, 2018<br>TIME:           2:00 p.m.<br>COURTROOM: 304<br>PLACE:         United States Bankruptcy Court<br>                    Central District of California<br>                    3420 Twelfth Street<br>                    Riverside, CA  92501 |
|---|---|

On July 6, 2018, the debtor(s) in this chapter 13 bankruptcy case (hereinafter, "Debtors") appeared at a meeting of creditors. Later that day, counsel for the Debtors and the Trustee appeared at a status conference held in court at 2:30 p.m. and they reported an agreement between all appearing parties to confirm the amended chapter 13 plan filed in this bankruptcy case on June 25, 2018 [docket # 20] ("Plan"). The agreed terms of confirmation were recited on the record and the Court provided all parties with this confirmation order at the status conference. All parties present (including, but not limited to, the Debtors and the Trustee) reviewed and approved the form and content of this confirmation order.

On July 18, 2018 at 2:00 p.m., the Court held the confirmation hearing and various parties appeared. As discussed on the record, several terms were changed and no one objected to the changes.

Therefore, in light of the discussions on July 6th and July 18th, the Court finds that the Plan meets the requirements of 11 U.S.C. § 1325 and, accordingly,

IT IS ORDERED AS FOLLOWS:

1. The Plan is hereby confirmed as follows. The amount of each monthly payment by the Debtors to the Trustee is $3,244 commencing on July 1, 2018. The due date for each payment is the 1st day of each month and the duration of the Plan is 60 months. General unsecured claims shall be paid 100% of their allowed claims. The Plan is confirmed as a base plan and the base plan amount is $194,640. Debtors must pay sufficient funds to pay (1) the base plan amount or (2) the percentage to general unsecured creditors (as well as payment in full of all senior claims), whichever is greater.

2. Confirmation of the Plan is without prejudice to the rights of secured creditors with respect to post-petition defaults by the Debtors.

3. Other provisions:

　　a.　　The Debtors shall timely submit statements of income on an annual basis to the Trustee, which income shall be reviewed by the Trustee who may petition the court to increase the monthly plan payment for cause until such time as all allowed unsecured creditors, to the extent they are to be paid during the term of the Plan, are paid 100%. The Trustee may increase the dividend paid allowed unsecured claims until the full amount of the Plan base stated in this paragraph has been paid by the Debtors or the claims have been paid in full without further notice or order from the court.

　　b.　　Counsel for Debtors is awarded fees of $5,000; having previously received $1,500, counsel is entitled to payment of $3,500 from the estate at a rate no more than $350 per month commencing forthwith. Using available funds, the trustee shall make this monthly payment to counsel provided that sufficient funds exist after paying any and all domestic support obligations, trustee's fees and secured obligations (including, but not limited to, conduit and non-conduit secured obligations).

　　c.　　(i)　　As used in this order, (A) the term "Filed Secured/Priority Debts" means all secured claims and priority unsecured claims for which proofs of claim have already been filed in this case by the holders of the claims and (B) the term "Unfiled Secured/Priority Debts" means all secured and priority unsecured debts which (1) the Debtors provide for under the Plan or by interlineation as set forth in this order and (2) the creditors holding the claims have not yet filed a proof of claim. The terms Filed Secured/Priority Debts and Unfiled Secured/Priority Debts do not include claims of any attorney's fees of counsel for the Debtors. (Those are addressed in the preceding paragraph).

　　　　(ii)　　The Trustee is authorized to immediately start making payments to holders of Filed Secured/Priority Debts and Unfiled Secured/Priority Debts. The Trustee shall pay holders of Filed Secured/Priority Debts in accordance with the terms set forth in the proofs of claims filed by the creditors (not the Plan) unless this order (or any other court order) provides otherwise. The Trustee shall make payments to holders of Unfiled Secured/Priority Debts based on the amounts set forth in the Plan or, if different, in this order and, unless or until the court orders otherwise, the Trustee shall continue to do so even if proofs of claim are never filed by creditors holding Unfiled Secured/Priority Debts. Pursuant to F.R.B.P. Rule 3004, the Debtors are deemed to have filed proofs of claims for Unfiled Secured/Priority Debts in the amounts set forth by the Debtors in

the Plan or, if different, by interlineation in this order.  However, if the holder of an Unfiled Secured/Priority Debts later files a proof of claim (whether timely or untimely), the amounts owed to that creditor asserted in that proof of claim will control (and supersede the amounts stated by the Debtors in the Plan or, if different, in this order) and the Trustee shall pay in accordance with the proof of claim unless and until (A) an objection to the proof of claim is filed and (B) the court enters an order regarding such objection.

    d.    In addition to the monthly plan payments, all tax refunds (in any amount) received during the term of the Plan are pledged to the Plan and the Debtors shall promptly turnover all such refunds to the Trustee.  Debtors shall timely file all tax returns.

    e.    Debtors reserve the right to object to any claim notwithstanding any Plan interlineations.  Likewise, notwithstanding any term of the Plan that provides otherwise (if any), the Trustee retains the right and standing to object to claims and nothing in the Plan shall be construed as limiting or altering the right or standing of the Trustee to object to any proof of claim.

    f.    Interlineations:

1. The Trustee shall pay the secured claim of TD Auto Finance in the amount of $42,724.94 at a rate no less than $806 per month for 60 months with interest at the rate of 5%.

2. The Trustee shall pay the secured claim of Ford Motor Credit Company in the amount of $41,339.98 at a rate no less than $780 per month for 60 months with interest at the rate of 5% per annum.

3. The Trustee shall pay the secured claim of Harley Davidson Financial in the amount of $15,529.91 at a rate no less than $293 per month for 60 months with interest at the rate of 5% per annum.

4. The Trustee shall pay the secured claim of SYNCB in the amount of $10,478 at a rate no less than $198 per month for 60 months with interest at the rate of 5% per annum.

5. The Trustee shall pay the secured claim of Freedom Road Financial in the amount of $8,779.25 at a rate no less than $166 per month for 60 months with interest at the rate of 5% per annum.

4. Additional provisions:

    a.    Any and all provisions in the Plan purporting to extinguish or modify any lien are hereby disapproved.  In this case, encumbrances and liens may only be modified pursuant to an adversary proceeding or by separate motion. Confirmation of the Plan shall not constitute an avoidance, extinguishment or modification of any lien or encumbrance.

    b.    No claims listed in Class 3A shall be bifurcated.

    c.    Any provisions in the Plan purporting to create an automatic stay are hereby disapproved.  The automatic stay is governed by 11 U.S.C. § 362 and neither the Plan nor this order shall be construed to expand its provisions.  If, for example, the automatic stay has already terminated by operation of law (or never existed in this case in the first instance by operation of law), neither the Plan nor this order nor confirmation of the Plan will create an automatic stay.

    d.    Any and all provisions in the Plan purporting to immediately discharge any debts are hereby disapproved. Debts may only be discharged by further court order.

    e.    Pursuant to sections 1328(a)(2) and 523(a)(3), a claim or debt shall not be discharged if the creditor holding the claim or debt did not receive proper and timely notice of the case and the terms of the Plan.  The provisions of

the Plan and this order are not binding on any creditor or other party who was not properly and timely served with the Plan and the court mandated notice of the date, time and location of the meeting of creditors and confirmation hearing (i.e. F 3015-1.02.NOTICE.341.CNFRM or F 3015-1.02.NOTICE.341.LIEN.MOD.PLAN.CNFRM).

    f.    The Plan is modified to comply with the requirements of the court's approved plan form.

    g.    In the event of any differences between the terms of the Plan and this Order, the terms of this Order shall control.  This Order supersedes and modifies any contrary or inconsistent terms of the Plan.

    h.    The Court previously entered a chapter 13 procedures order in this case [docket #10] ("Procedures Order").  The Procedures Order shall continue to apply in this case.  Debtors and counsel should review the Procedures Order again and, in particular, the provisions governing post-confirmation matters.

    i.    All terms in section IV(A), (B) and (C) of the Plan are stricken and shall not apply in this case.  As set forth in the Plan, any nonstandard plan provision in the Plan (i.e. a plan provision not otherwise included in the Court's mandatory chapter 13 form, Form F 3015-1.01.CHAPTER13.PLAN, or any plan provision deviating from that form) is ineffective and hereby stricken.

    j.    If the Plan includes addendum F 3015-1.1.ADDENDUM or any similar addendum, that addendum is hereby disapproved.  The F 3015-1.1.ADDENDUM is no longer an approved form in this district.  The form was unanimously withdrawn as an approved form by the judges of this district on June 1, 2012.

    k.    If Attachment A, B, C or D is attached to the Plan (or any other attachment), that attachment is hereby disapproved and stricken.

    l.    The terms in the last sentence of section II(A) of the Plan (the underlined sentence) are hereby stricken and shall not apply in this case.

5.    Direct Payments and Related Matters

    a.    As discussed on the record, this case does not involve any direct payments by the Debtors to any creditors.

    b.    The Debtors shall timely (1) pay to the Trustee all payments by each monthly due date, (2) pay all other obligations arising under the Plan or in the case and (3) comply with all provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, local bankruptcy rules, the Procedures Order and this order.  Failure to do so may result (depending on the circumstances) in dismissal of the case with or without a bar to re-filing pursuant to 11 U.S.C. § 109(g)(1) (and other applicable law) or denial of discharge.

    c.    With Court permission, the Bankruptcy Code often permits debtors to sell, abandon or refinance property of the estate during a chapter 13 case or obtain other financing on a secured or unsecured basis.  However, court permission in advance is required to do so.  Therefore, if the Debtors seek to sell, transfer, give away, abandon or refinance property or obtain any other financing, the Debtors must file an appropriate motion to obtain a court order prior to selling, abandoning, transferring, giving away or refinancing property or obtaining other financing.

      d.      If the Debtors later seek to convert this case to another chapter or to dismiss this case or to file a motion to modify the Plan in order to suspend, reduce or modify payments under the Plan (such as payments to the Trustee or any other Plan obligations), the Court hereby sets a deadline for doing so. The deadline for seeking to dismiss or convert this case or to file the motion to modify the Plan is twenty-eight days after the due date for the first monthly payment to the Trustee, mortgage payment, lease obligation or other Plan obligation that the Debtors fail to pay timely. In other words, the deadline to seek conversion or dismissal of this case or modification of the Plan is twenty-eight days after the first default under the terms of the Plan, the local rules or other applicable law.

IT IS SO ORDERED.

###

Date: July 18, 2018

Wayne Johnson
United States Bankruptcy Judge